J-S58027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PETER J. SCHULTZ, JR. | |
| Appellant | No. 313 MDA 2016 |

Appeal from the PCRA Order January 19, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000114-2012
CP-54-CR-0000117-2012
CP-54-CR-0000654-2011
CP-54-CR-0000655-2011

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED APRIL 10, 2017**

Peter J. Schultz, Jr. appeals from the January 19, 2016 order denying his petition for post-conviction relief filed August 27, 2015.  We affirm.

We set forth the facts in a previous appeal.

> The Commonwealth charged Appellant with multiple counts of possession of a controlled substance, possession with intent to deliver, delivery of a controlled substance, and possession of drug paraphernalia at the above-captioned criminal docket numbers.  Appellant entered a negotiated guilty plea, and on May 17, 2012, the trial court imposed a sentence of 24 months of State Intermediate Punishment ("SIP"), with 59 days of credit for time served dating to March 20, 2012. On March 5, 2014, shortly before the 24-month SIP sentence was set to expire, the trial court found Appellant in violation of the program and therefore ordered him to serve an additional three months.

* Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Schultz*, 580 MDA 2014 (Pa.Super. 2015) (unpublished memorandum) (hereinafter "*Schultz I*").

Appellant filed a timely appeal from the March 5, 2014 order[1] extending his SIP sentence (*Schultz I*), alleging that he was deprived of his right to counsel at the hearing. The trial court, in its Pa.R.A.P. 1925(a) opinion, agreed and requested that we vacate and remand for a counseled hearing.

Notwithstanding the pending appeal and request for remand, the trial court, prior to our *Schultz I* decision, revoked Appellant's SIP sentence on June 12, 2014. Appellant was then re-sentenced on September 4, 2014 to fifty-two months to 104 months of incarceration.[2] Appellant filed a notice of appeal from that sentence. *See Commonwealth v. Schultz*, 116 A.3d 1116 (Pa.Super. 2015) (hereinafter "*Schultz II*").

On January 27, 2015, we issued *Schultz I*. In addition to his right to counsel claim, Appellant maintained that he had completed his SIP sentence and requested discharge. We disagreed, finding that Appellant had failed to successfully complete his SIP sentence by the end of the twenty-four month term. We vacated the March 5, 2014 order, however, holding that the trial

---

[1] We note that the order is dated March 5, 2014, but was not docketed until March 7, 2014. We use the earlier date in this memorandum.

[2] The trial court's opinion in this matter states that Appellant was represented at this hearing.

court did not actually revoke the SIP sentence but had instead extended the sentence. We concluded that the trial court lacked both jurisdiction and statutory authorization to extend the SIP sentence beyond the statutory twenty-four month period, and remanded for further proceedings. The memorandum noted in a footnote that the appeal of the September 4, 2014 sentence was then pending before a different panel.

On May 4, 2015, we issued *Schultz II*, which addressed the September 4, 2014 judgment of sentence. Appellant raised five challenges pertaining to the trial court's revocation and re-sentencing, four of which we deemed harmless.[3] Appellant's fifth issue was that the trial court erred in imposing a new judgment of sentence, again raising the allegation that his SIP sentence had expired in late March of 2014. We proceeded to address that claim, and concluded that the sentence was valid since Appellant had failed to successfully complete his SIP sentence by the end of the twenty-four month term. *Schultz II*. Appellant did not seek review with our Supreme Court.

On August 27, 2015, Appellant filed a *pro se* PCRA petition, challenging the September 4, 2014 judgment of sentence. The Commonwealth filed a response to the motion on October 5, 2015, averring

---

[3] The four issues concerned the propriety of introducing hearsay evidence demonstrating that Appellant was expelled from the SIP program.

that the **Schultz I** remand order meant Appellant's sentence was not yet final. **Id**. Accordingly, the Commonwealth requested that the court dismiss the petition as premature and issue a briefing schedule on the jurisdictional issue. **Id**. at 2. The trial court treated the petition under the PCRA and issued a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing. Following dismissal, Appellant timely filed a notice of appeal. The trial court and Appellant complied with Pa.R.A.P. 1925, and the matter is now ready for review. Appellant raises the following issue:

> Whether the [s]entencing [c]ourt had jurisdiction to issue an order dated March [5], 2014, in which the court extended Appellant's participation in the State Intermediate Punishment Program[?]

Appellant's brief at 4.

Preliminarily, we note that the trial court properly treated the petition as a request for relief under the PCRA. Appellant's revocation sentence was imposed on September 4, 2014, and he timely appealed that sentence to this Court. On May 4, 2015, **Schultz II** affirmed Appellant's judgment of sentence. Accordingly, his sentence became final on June 3, 2015, when his time period for seeking further review expired. **See** 42 Pa. C.S. § 9545(b)(3) (judgment of sentence final upon expiration of time for seeking review with our Supreme Court); Pa.R.A.P. 1113(a) (petition for allowance of appeal must be filed within thirty days after entry of Superior Court

order). Thus, the court properly treated the request for relief as a PCRA petition.

We now address the denial of PCRA relief. We review the order to determine whether the findings of the PCRA court are supported by the record and free of legal error. **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015) (citation omitted). The court's credibility findings are to be accorded great deference and are binding where supported by the record. **Id**. (citation omitted). However, we afford no deference to its legal conclusions, which we review *de novo* with a plenary scope of review. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*) (citing **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.Super. 2012)).

Herein, Appellant continues to assert that his SIP sentence expired before the June 12, 2014 revocation proceeding. According to Appellant, his SIP sentence was completed as of March 20, 2014. "Therefore, the subsequent sentence of 52 to 104 months was a nullity since the March 5th extension of SIP was devoid of jurisdiction." Appellant's brief at 6. The Commonwealth, on the other hand, concedes that the court was without jurisdiction to enter the March 5, 2014 order, but asks us to affirm because the trial court "regained jurisdiction to revoke and resentence upon the [Department of Corrections] formally expelling Appellant[.]" Commonwealth's brief at 16.

It is clear that Appellant is litigating issues that have already been decided. ***Schultz I*** vacated the March 5, 2014 order, and we did not remand for any type of fact-finding. Appellant claims that the September re-sentencing was a nullity because his sentence had expired in March of 2014, but this position was clearly rejected by ***Schultz II***. ***Id***. at 1123. The trial court could not rule to the contrary, nor can we. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995).

To be eligible for PCRA relief, the petitioner is required to establish that the allegation of error has not been previously litigated. 42 Pa.C.S. § 9543(a)(3). An issue is considered previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). The statute does not explicitly define the term "issue." ***See Commonwealth v. Collins***, 957 A.2d 237, 246 (Pa. 2008). However, the previous litigation bar clearly applies where a litigant is advancing the exact same allegation of error. "A claim previously litigated in a direct appeal is not cognizable under the PCRA." ***Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa.Super. 2000); ***Commonwealth v. Berry***, 760 A.2d 1164 (Pa.Super. 2000) (voluntariness of plea previously litigated; that bar cannot be avoided through "different packaging"). Instantly, Appellant argued to the ***Schultz II*** Court that his SIP sentence expired on March 20, 2014. The same exact claim is made here. Thus, the previous litigation bar applies.

- 6 -

Since we may affirm on any basis supported by the record, ***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa.Super. 2016), we deem the issue previously litigated and affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017